82 F.3d 422
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Azucena del Carmen AVILES; Juan Carlos Rivera-Aviles, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70254.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Azucena del Carmen Aviles and her son Juan Carlos Rivera-Aviles, natives and citizens of Nicaragua, petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the order of an immigration judge ("IJ"), denying their request for asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a).[1] We review the BIA for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and deny the petitions for review.[2]
 
 
 3
 Aviles contends that the BIA's finding that she lacked a well-founded fear of future persecution based on her status as a Jehovah's Witness is not supported by substantial evidence. This contention lacks merit.
 
 
 4
 To establish eligibility for asylum based on a well-founded fear of persecution, asylum applicants must show both a genuine subjective fear of persecution and an objectively reasonable fear. Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). The burden is on the applicant to meet this standard. Id. "The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution." Id. (quotation omitted).
 
 
 5
 Aviles testified that she was fired from her position with the Ministry of Education in 1986 because, as a Jehovah's Witness, she would not join the union. She also testified that thereafter she was denied a food card and employment and thus was forced to buy food at higher prices and rely economically on her husband, who owned an auto body shop. In addition, she testified that, based on her religion, she was harassed in her home by a Sandinista mob. The BIA held that these incidents did not constitute persecution. The BIA also noted that given the changed circumstances in Nicaragua, Aviles did not have an objectively reasonable fear of future persecution.[3] Because we agree that these incidents do not rise to the level of persecution, we affirm the BIA's conclusion that Aviles failed to establish an objectively reasonable fear of persecution. See id.
 
 
 6
 Aviles also contends that the BIA erred by taking administrative notice of the changed political circumstances in Nicaragua. The record belies this contention.
 
 
 7
 At her hearing, Aviles' attorney argued that Aviles had a well-founded fear even though conditions in Nicaragua had changed, asking Aviles "[w]hat's your opinion about the recent change of government in Nicaragua?" In addition, in her brief to the BIA, Aviles vigorously argued that despite the new government she still had a well-founded fear of future persecution. Given these circumstances, the BIA was not required to notify Aviles notice before taking administrative notice of the changed conditions in Nicaragua. Acewicz, 984 F.2d at 1060-61.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Aviles does not contest the BIA's denial of her request for withholding of deportation. See 8 U.S.C. § 1253(h)
 
 
 [2]
 All references to Azucena del Carmen Aviles, the principal petitioner, include her son Juan Carlos Rivera-Aviles
 
 
 [3]
 In 1990 a new coalition government composed of parties opposed to the Sandinistas succeeded the Sandinista party